UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER EVAN VANDERWERFF,<br><br>           Plaintiff,<br><br>     v.<br><br>K. ALLISON, et al.,<br><br>           Defendant. | 1:13-cv-00521-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 21) |

Plaintiff Christopher Evan Vanderwerff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 5, 2014, Plaintiff filed the instant motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on

1

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks the appointment of counsel based on his current medical condition. According to Plaintiff's declaration, he underwent emergency care for his hand and arm on August 21, 2014. The examining physician indicated that additional surgery is necessary and he should not remove the bandages. Plaintiff contends that due to the ongoing condition of his hand and arm, including infections, swellings and pain, he is unable to amend his complaint without the assistance of counsel. (ECF No. 21, Pl's Dec. ¶¶ 3-6.)

Although Plaintiff has identified an ongoing medical condition, the Court does not find the required exceptional circumstances. First, Plaintiff has not provided any evidentiary support for his allegations. Second, Plaintiff has not identified whether the hand at issue is his dominant hand. Third, Plaintiff's moving papers are typewritten and clear, evidencing his ability to articulate his position, and there is no indication that he is relying on inmate assistance. Fourth, and finally, Plaintiff is not precluded from requesting extensions of time to prepare any necessary pleadings or papers.

Moreover, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **September 8, 2014**                    /s/ Barbara A. McAuliffe             
                                                                UNITED STATES MAGISTRATE JUDGE