# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER EVAN VANDERWERFF,<br><br>            Plaintiff,<br><br>    v.<br><br>K. ALLISON, et al.,<br><br>            Defendants. | 1:13-cv-00521-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

     Plaintiff Christopher Evan Vanderwerff ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on February 13, 2013.

     On June 9, 2015, the Court dismissed Plaintiff's first amended complaint for failure to comply with Federal Rule of Civil Procedure 18 and other pleading deficiencies.  The Court granted Plaintiff leave to amend with thirty (30) days from the date of service.  Plaintiff was warned that if he failed to file an amended complaint in compliance with the order, this action would be dismissed for failure to obey a court order.  (ECF No. 28.)  The deadline for Plaintiff to file his second amended complaint has passed and Plaintiff has not complied with or otherwise responded to the Court's order.

     Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their

dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since February 2013. Plaintiff has made no attempt to contact the Court or otherwise comply with the Court's June 2015 order. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's order issued on June 9, 2015, expressly stated "If Plaintiff fails to file a second [amended] complaint in compliance with this order, this action will be dismissed for failure to obey a court order." (ECF No. 28, p. 15.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to comply with the Court's June 9, 2015 order.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 22, 2015**                          /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE